**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AUTOMOTIVE LIFT INSTITUTE, INC.,**

**Plaintiff,**

**v.** **5:25-CV-106**
**(FJS/TWD)**

**AUTOKATO ENGINEERING, LTD**
**doing business as Katool,**

**Defendant.**

---

**APPEARANCES** **OF COUNSEL**

**THE LAW OFFICE OF SHARON M. SULIMOWICZ** **SHARON M. SULIMOWICZ, ESQ.**
118 North Tioga Street, Suite 202
Ithaca, New York 14850
Attorneys for Plaintiff

**AUTOKATO ENGINEERING, LTD** **NO APPEARANCE**
doing business as Katool
Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court is Plaintiff's motion for entry of a default judgment against Defendant in the amount of $58, 791.53, comprised of $45,029.00 in actual damages, $11,617.42 for attorney's fees and costs, and $2,145.11 in pre-judgment interest. *See* Dkt. No. 10-4, Attorney's Affidavit in Support of Default Judgment Motion, at 4.

## II. BACKGROUND

Plaintiff commenced this action on January 22, 2025, by the filing of a Summons and Complaint. *See* Dkt. Nos. 1-2. On March 27, 2025, Plaintiff filed a request for entry of default against Defendant. *See* Dkt. No. 7. The Clerk entered that default on the same day. *See* Dkt. No. 8. Plaintiff filed its motion for entry of a default judgment against Defendant on April 28, 2025, and served that motion on Defendant on April 29, 2025. *See* Dkt. Nos. 10-11.

## III. DISCUSSION

### A. Standard of review

Rule 55(a) of the Federal Rules of Civil Procedure, which governs the procedure for entry of a default judgment, provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, courts in the Second Circuit have established a two-step process: "first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The entry of default 'formalizes a judicial recognition that a defendant has, through its failure to defend that action, admitted liability to the plaintiff.'" *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (PKC) (VMS), 2020 WL 207352, *1 (E.D.N.Y. Jan. 14, 2020) (quoting [*Mickalis Pawn Shop, LLC*, 645 F.3d at 128]); (citing *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co*., 373 F.3d 241, 246 (2d Cir 2004) (noting that default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party"); *United*

*States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted))).

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). When deciding a motion for default judgment, the court "is required to accept all of the [plaintiff's] allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (noting that, where a party moves for a default judgment after another party's default, the moving party is "entitled to all reasonable inferences from the evidence offered")). However, "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (quoting *Au Bon Pain*, 653 F.2d at 65). Therefore, the court must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84 (citation omitted).

**B. Liability**

Plaintiff brings this action for copyright infringement under Section 501(a) of the Copyright Act. *See* Dkt. No. 1, Complaint, at ¶ 39. To establish infringement of a copyright under the Act, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 61 (2d Cir. 2019) (Newman, J., concurring in the result) (quoting

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

Ownership of a valid copyright "'can be established by the introduction into evidence of a Copyright Office certificate of registration,'" which "'if timely obtained "constitute(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate."'" *Sheldon v. Plot Commerce*, No. 15 CV 5885 (CBA) (CLP), 2016 WL 5107072, *11 (E.D.N.Y. Aug. 26, 2016) (quotation omitted), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).

To establish the second element, a plaintiff must meet a "minimal" burden to show that the safety labels in question are its original work and allege a violation of its exclusive right under § 106. *See id.* "The requirements for originality are 'modest.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)). As used in copyright cases, the term "'original . . . means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Id.* (quoting *Feist*, 499 U.S. at 345, 111 S. Ct. 1282 (citation omitted)).

Although Plaintiff stated in its complaint that the Copyright Registration Number for the safety labels in question is U.S. Copyright Registration No. VA0000634769, *see* Complaint at ¶ 13, Plaintiff did not submit the Certificate of Registration for these safety labels either with its Complaint or with its motion for entry of a default judgment. Therefore, the Court finds that Plaintiff has failed to satisfy the first element of its copyright infringement claim, *i.e.*, its ownership of a valid copyright. Accordingly, the Court denies Plaintiff's motion for entry of a default judgment. However, the Court does so without prejudice and with leave to renew the

motion to include the necessary documentation to establish its claim for copyright infringement under the Copyright Act.

**C. Actual damages, attorney's fees and costs**

Since the Court has denied Plaintiff's motion for entry of a default judgment, it does not need to address the issues of damages, attorney's fees, and costs. However, because there are some problems with Plaintiff's submissions regarding these issues, the Court will address them here so that, if Plaintiff decides to renew its motion, it is aware of and can cure the problems that exist with regard to these issues.

***1. Actual damages***

An award of actual damages "undertakes to compensate the [copyright] owner for any harm [it] suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (citations omitted). Section 504(b) of the Act, which applies to actual damages, provides, in relevant part, that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).

In its complaint, Plaintiff alleges that, "[w]hile attending [the Specialty Equipment Marketing Association ("SEMA") in or about October 2023], [its] President, Robrt W. Gorman, noticed that Defendant had automotive lifts that contained unauthorized copies of ALI copyright protected labels affixed thereto, specifically the labels: Copyright Registration No.

VA0000634769." *See* Dkt. No. 1, Complaint, at ¶¶ 23-24. Upon Defendant's default, Plaintiff's counsel, in her affidavit in support of Plaintiff's default judgment motion, stated as follows:

> Although a representative of Defendant admitted to having sold 2,500 to 3,000 automotive lifts with the infringing Safety Labels, without being permitted to perform discovery in this case, Plaintiff can only document in writing an admission by a representative of Defendant on or about April 12, 2024, that it had sold 700 automotive lifts with the infringing Safety Labels and destroyed an addition [sic] 40 Safety Labels. *See* O'Gorman Aff., Exh. B. Had Defendant purchased the Safety Labels directly from Plaintiff, Plaintiff would have received $45,029.00 in revenue calculated as follows: $60.85 per kit, multiplied by 740 Safety Labels.

*See* Dkt. No. 10-4, Attorney Affidavit, at ¶ 8.

"Courts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions . . . ." *Antenna Television, A.E. v. Aegean Video Inc.*, No. 95-CV-2328 ERK, 1996 WL 298252, *3 (E.D.N.Y. Apr. 23, 1996) (citations omitted). A claim for actual damages must be "reasonable according to typical market values." *Sheldon*, 2016 WL 5107072, at *14 (citation omitted); *see also Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, *4 (E.D.N.Y. Feb. 13, 2019) (stating that "'some reasonable basis for computation [of actual damages] has to be used, even though the calculation may only be approximate'" (quotation omitted)). Thus, an award of actual damages "'may not be based on "undue speculation."'" *Renna*, 2019 WL 1061259, at *4 (quotation omitted).

***2. Costs***

In Plaintiff's attorney's affidavit, she states that Plaintiff is seeking out-of-pocket costs for filing fees, service of process, photocopies and postage and/or FedEx charges. *See* Dkt. No. 10-4 at ¶ 15. Since this is a copyright infringement action, "the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision." *Pasatieri*,

2020 WL 207352, at *5 (citing *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404-05 (S.D.N.Y. 2004)).

Section 505 of the Act provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Since the Court has denied Plaintiff's motion for entry of a default judgment and its request for damages, the Court declines to exercise its discretion to award Plaintiff costs at this time. The Court will re-evaluate this request if Plaintiff renews its motion and submits evidence to establish its claim for copyright infringement and to support its request for an award of actual damages. Furthermore, if in its renewed motion, Plaintiff includes a request for out-of-pocket costs, it must provide adequate documentation, such as receipts, demonstrating that it expended funds for these items.

***3. Attorney's fees***

Plaintiff requests an award of attorney's fees in the amount of $11,367.50. In support of this request, Plaintiff's counsel asserts in her affidavit that she was duly admitted to practice in the State of New York and in the Federal District Courts for the Northern and Western Districts since 1996 and has been practicing law for almost 30 years. *See* Dkt No. 10-4, Attorney Affidavit, at ¶ 11. Plaintiff's counsel also states that her current rate is $325.00 per hour and her legal assistant's current hourly rate is $125.00. *See id.* at ¶ 12. Plaintiff's counsel asserts that she had expended 30.4 hours on this case between November 2023 and the date on which she filed

the motion for entry of a default judgment and anticipated billing an additional three hours on the motion. *See id.* at ¶ 15. She also stated that her legal assistant had expended 3.1 hours on the litigation and anticipated billing one additional hour on the motion. *See id.* Based on these numbers, Plaintiff requests an award of $11,367.50 in attorney's fees.[1]

"'There is no automatic right to an award of attorney's fees to prevailing parties in copyright cases.'" *Barsch v. Modern Boss Mktg. LLC*, No. 1:24-CV-820 (AMN/DJS), 2025 WL 1424254, *6 (N.D.N.Y. May 16, 2025) (Nardacci, J.) (quoting *Stokes*, 681 F. Supp. 3d at 243). "Instead, such awards are a matter of discretion in which courts consider '(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.'" *Id.* (quoting *Mango*, 356 F. Supp. 3d at 379 (citation and internal quotation marks omitted)). "'Particularly in cases of default and willful infringement, courts have found it appropriate to award attorney's fees both for purposes of compensation and deterrence.'" *Id.* (quoting *Stokes*, 681 F. Supp. 3d at 243-44).

If the court determines that attorney's fees are warranted, "the Court must determine the proper figure." *Id.* To do this, the Court turns to the "lodestar" calculation, "'which is the number of hours expended multiplied by a reasonable hourly rate.'" *Id.* (quoting [*Stokes*, 681 F. Supp. 3d] at 244 (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007))). "In the Second Circuit, 'the lodestar . . . creates a presumptively reasonable fee.'" *Id.* (quoting *Millea v. Metro-*

[1] Plaintiff did not separate its request for attorney's fees from its request for costs, instead seeking a total of $11,617.42 in attorney's fees and costs. Based on the figures that Plaintiff's counsel provided in her Affidavit, however, the Court has calculated that Plaintiff is seeking attorney's fees in the amount of $11,367.50 comprised of 33.4 hours of attorney time at a rate of $325 per hour plus 4.1 hours of paralegal time at a rate of $125 per hour.

*North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citations omitted)).

The Court cannot calculate the appropriate amount of attorney's fees to award to Plaintiff because its counsel did not submit any documentation, such as contemporaneous time records that show the number of hours she and her paralegal expended on the various tasks they performed in litigating this case. Nor has Plaintiff's counsel provided any information to support her argument that the hourly rates that she seeks are reasonable in this District for this type of action.

If Plaintiff renews its motion for entry of a default judgment and seeks attorney's fees as part of that motion, it must provide the appropriate documentation, as described above, so that the Court can determine, if it decides to grant Plaintiff's request for attorney's fees, what is an appropriate award using the lodestar method.

***4. Costs***

In her affidavit in support of Plaintiff's motion for entry of a default judgment, Plaintiff's counsel also seeks costs to reimburse Plaintiff for out-of-pocket expenses for filing fees, service of process, photocopies and postage and/or Fed[E]x charges." *See* Dkt. No. 10-4 at ¶ 15. Plaintiff, however, has not submitted any documentation as proof that Plaintiff actually incurred such costs. If Plaintiff renews its motion for entry of a default judgment and seeks costs for these out-of-pocket expenses, it must provide the appropriate documentation.

***5. Prejudgment interest***

Finally, Plaintiff seeks prejudgment interest. "First, '[t]he Copyright Act neither allows nor prohibits an award of pre-judgment interest, and the issue of the permissibility of pre-judgment interest is unresolved in this Circuit.'" *Hart v. Kitchen Infinity, Inc.*, No. 24-CV-05031 (JMA) (AYS), 2025 WL 2576675, *5 (E.D.N.Y. Sept. 5, 2025) (quoting *Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07-CV-09931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015)). "As the authority to grant prejudgment interest is not clear -- and Plaintiff did not address the issue in its brief -- the Court is not inclined to grant that relief." *Id.* "Second, even if the Court were inclined to consider the request, Plaintiff would not qualify for pre-judgment interest under either of the two methodologies applied by courts in the Second Circuit." *Id.* "Under one regime, applications for 'pre-judgment interest should be reserved for "exceptional" circumstances.'" *Id.* There is nothing about this case that is exceptional.

Under the second method, "courts rely on prejudgment interest as a tool 'to help deter willful copyright infringement.'" *Id.* (quotation omitted). In this case, the Court concludes that an award of actual damages is sufficient to deter any further infringement. Therefore, the Court denies Plaintiff's request for prejudgment interest.

## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment, *see* Dkt. No. 10, is **DENIED without prejudice and with leave to renew** consistent with the guidance set forth herein; and the Court further

**ORDERS** that, if Plaintiff does not renew its motion for entry of a default judgment within **thirty (30) days** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case for failure to prosecute without further Order of the Court.

**IT IS SO ORDERED.**

Dated: February 3, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge