**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AUTOMOTIVE LIFT INSTITUTE, INC.,**

**Plaintiff,**

**v.** **5:25-CV-106 (FJS/MJK)**

**AUTOKATO ENGINEERING, LTD, doing business as Katool,**

**Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **THE LAW OFFICE OF SHARON SULIMOWICZ**<br>118 North Tioga Street, Suite 202<br>Ithaca, New York 14850<br>Attorneys for Plaintiff | **SHARON M. SULIMOWICZ, ESQ.** |
| **AUTOKATO ENGINEERING, LTD**<br>Doing business as Katool<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Pending before the Court is Plaintiff's renewed motion for entry of a default judgment against Defendant in the amount of $168,616.50, comprised of $150,000.00 in statutory damages, $17,847.50 in attorney's fees, and $769.00 in costs. *See* Dkt. No. 14, Notice of Motion to Renew.

## II. BACKGROUND

Plaintiff commenced this action on January 22, 2025, by filing a Summons and Complaint. *See* Dkt. Nos. 1-2. On March 27, 2025, Plaintiff filed a request for entry of default against Defendant. *See* Dkt. No. 7. The Clerk entered that default on the same day. *See* Dkt. No. 8. Plaintiff filed a motion for entry of a default judgment against Defendant on April 28, 2025, and served that motion on Defendant on April 29, 2025. *See* Dkt. Nos. 10-11.

On February 3, 2026, the Court issued a Memorandum-Decision and Order, in which it denied Plaintiff's motion "without prejudice and with leave to renew consistent with the guidance set forth" in its decision. *See* Dkt. No. 12, Memorandum-Decision and Order, at 10.

On February 27, 2026, Plaintiff filed its second motion for entry of a default judgment and, on March 2, 2026, it filed the required Notice of Motion. *See* Dkt. Nos. 13-14.

## III. DICUSSION

### A. Liability

By failing to answer the complaint or oppose Plaintiff's motion for entry of a default judgment, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citation omitted)).

Whether to enter a default judgment, however, is committed to the court's discretion. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (citation omitted). "Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district

court 'need not agree that the alleged facts constitute a valid cause of action,' and may decline to enter a default judgment on that ground." *Sadowski v. Urbanspotlite LLC*, No. 1:22-cv-00887 (BKS/DJS), 2023 WL 2838376, *2 (N.D.N.Y. Apr. 7, 2023) (Sannes, C.J.) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981))). In fact, "the Second Circuit has 'suggested that, prior to entering default judgment, a district court is "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."'" *Id.* (quoting [*Mickalis Pawn Shop*, 645 F.3d at 137] (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009))).

"The Copyright Act of 1976 grants copyright owners the exclusive right to reproduce their copyrighted work, to prepare derivatives of the work, and to sell copies of the work." *Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 98 (S.D.N.Y. 2020) (citations omitted); *see also* 17 U.S.C. §§ 106-122. To establish copyright infringement, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)) (other citation omitted).

With regard to the first element, a "certificate of registration" made within five years after first publication of a work "constitute[s] prima facie evidence of the validity of the copyright[.]" 17 U.S.C. § 410(c). If a party proffers a certificate of copyright registration, "'the party challenging the validity of the copyright has the burden to prove the contrary.'" *Stern v. Lavender*, 319 F. Supp. 3d 650, 669 (S.D.N.Y. 2018) (quoting *Hamil Am. [Inc. v. GFI]*, 193 F.3d [92,] 98 [(2d Cir. 1999)]). In this case, Plaintiff alleges that it "is the sole owner of all rights,

title, and interest in and to U.S. Copyright Registration No. VA0000634769, which includes safety labels (hereinafter "Safety Labels") used with, and affixed on automotive lifts." *See* Dkt. No. 13-1, Second Affidavit of Robert W. O'Gorman, President of Plaintiff, at ¶ 3. Plaintiff has provided the Court with a copy of this Certificate of Registration, *see* Dkt. No. 13-2, and, therefore, has established ownership of a valid copyright. *See Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 50-51 (S.D.N.Y. 2022) (finding that the first element of copyright infringement was met on a default judgment motion where the plaintiff "allege[d] that it [was] the owner of U.S. Copyright Registration numbers covering" the works at issue), *report and recommendation adopted by* 606 F. Supp. 3d 32 (S.D.N.Y. 2022)).

Next, to establish the compliance element, "'the plaintiff must first show that [its] work was actually copied; second, [it] must establish a substantial similarity or that the copying amounts to an improper or unlawful appropriation.'" *Yague v. Visionaire Publ'g LLC*, No. 19-cv-11717 (LJL), 2021 WL 4894676, *1 (S.D.N.Y. Sept. 14, 2021) (quoting *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (internal quotation marks omitted)).

In this case, Plaintiff filed an email dated April 12, 2024, from a representative of Defendant who acknowledged that the infringing labels were affixed to three of its 2-post lift models and that there had been about 700 such labels. *See* Dkt. No. 10-3, Exhibit B to Plaintiff's Affidavit, at 2. The Court finds that Plaintiff's allegations and supporting affidavits are sufficient to make out a claim for copyright infringement.

**B. Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund and Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). When considering a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence . . . based . . . upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40).

***1. Statutory damages***

Plaintiff seeks to recover statutory damages for Defendant's willful infringement in the amount of $150,000. *See* Dkt. No. 13, Plaintiff's Memorandum of Law, at 7. To support this request, Plaintiff's President states that "a representative of Defendant advised [him] in 2023 that Defendant had sold approximately 2,500-3,000 automotive lifts that included infringing Safey Labels. That would amount to damages to [Plaintiff] of between approximately One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) and One Hundred Eighty Thousand and

00/100 Dollars ($180,000.00)." *See* Dkt. No. 13-1, Second Affidavit of Robert W. O'Gorman, at ¶ 8. Pursuant to the Copyright Acct, a plaintiff may elect to recover an award of statutory damages, in lieu of actual damages, "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Furthermore, when the court finds "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

"When determining the amount of statutory damages to award for copyright infringement, courts consider the following factors to determine the amount of statutory damages: (1) the infringer's state of mind; (2) the expenses saved, and profits earned by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citing *N.A.S. Impor. Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992)).

As an initial matter, Defendant's "[c]opyright infringement is deemed willful by virtue of [its] default." *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). In light of Defendant's willful infringement, the first, fifth, and sixth factors weigh against Defendant. *See Broad. Music, Inc. v. Metro Lounge & Café LLC*, No. 5:10-CV-1149 (NAM/ATB), 2013 WL 286361, *4 (N.D.N.Y. Jan. 24, 2013). In addition, the Court cannot evaluate the second factor because Defendant has not appeared in this action. *See Strike 3 Holdings, LLC v. Doe*, No. 18-cv-7323 (DRH) (SIL), 2021 WL 4896862, *3 (E.D.N.Y. Sept. 20, 2021) (noting that "it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing"), *report and recommendation adopted*, 2021 WL 4894161 (E.D.N.Y. Oct.

20, 2021). With regard to the third factor, Plaintiff's President states in his Second Affidavit, that although "Defendant has not formally appeared in this action, [Defendant's] Mr. Li was aware of the infringement as early as April 2024, when he represented that Defendant had already 'changed the designs of the labels, including the electronic files, remaining labels at the manufacturing facility, and print molds' and provided examples of the new labels." *See* Dkt. No. 13-1 at ¶ 12. Furthermore, Plaintiff's President asserts that,

> [n]otwithstanding the aforementioned representations Mr. Li made to me in April of 2024, I have photographs from November of 2024 of KATOOL automotive lifts with the infringing labels attached . . . [and at] a tradeshow on July 29, 2025, [Plaintiff's President] states that he] identified KATOOL lifts with the infringing labels affixed to them.

*See id.* at ¶ 13.

Finally, the fourth factor weighs in favor of statutory damages because "an award of statutory damages could deter future infringements by the Defendant and third parties." *Farrington v. Fingerlakes1.com, Inc.*, No. 19-CV-6802-FPG, 2020 WL 7350336, *6 (W.D.N.Y. Dec. 15, 2020) (citation omitted).

Having considered all of these factors, the Court finds that an award of $120,000.00 in statutory damages is reasonable. The Court also finds that this award of statutory damages serves the "compensatory and punitive" purposes of statutory damages. *Fitzgerald Publ'g Co., Inc. v. Baylor Publi'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (citation omitted).

***2. Attorney's fees and costs***

Plaintiff seeks $17,847.50 in attorney's fees and $769.00 in costs for a total of $18,616.50. *See* Dkt. No. 13-6, Attorney Affidavit, at ¶ 13. Under the Copyright Act, a "court in its discretion may allow the recovery of full costs by or against any party other than the United

States," which may include "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining the reasonableness of requested attorney's fees, "the Court begins by using the 'lodestar method' to calculate a 'presumptively reasonable fee.'" *MyGlynn v. Cools, Inc.*, No. 19cv03520 (GBD) (DF), 2020 WL 6561658, *4 (S.D.N.Y. July 1, 2020) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted)). "The lodestar is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quotation omitted). In the Second Circuit, there is a presumption in favor of the "forum rule," which requires courts to employ "'the hourly rates . . . in the district in which the reviewing court sits' in calculating the presumptive reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation and other citations omitted). To rebut this presumption, a party seeking higher out-of-district rates "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce substantially inferior results." *Id.* at 176.

Courts may, after the initial calculation of the presumptively reasonable fee, adjust the total "when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (quoting *Millea*, 658 F.3d at 167 (quoting *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662)). "[T]he fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits' -- that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted).

In this case, Plaintiff's counsel submitted Invoices she sent to Plaintiff that indicated the type of work, although often not in great detail, that she and her paralegal performed on behalf of

Plaintiff in this action. *See* Dkt. No. 13-6, Attorney Affidavit; Dkt. No. 13-7, Invoices. The Court has reviewed Plaintiff's counsel's affidavit, in which she states that "Plaintiff [had] incurred approximately $12,287.[]50 in attorney's fees . . . through the end of 2025" and that she had "incurred an additional 8.9 hours through February 24, 2026 . . . and anticipate[d] incurring an additional 4 hours to finish drafting the within motion including a memorandum of law and conducting legal research for same for a total of $5,560." *See* Dkt. No. 13-6, Attorney Affidavit, at ¶ 10, ¶ 12.

The Court has reviewed the invoices that Plaintiff's counsel filed, which demonstrate that through November 19, 2025, she had expended 31.8 hours on this case and that her paralegal had expended 10.2 hours on this case. This number does not include an entry dated 3/3/25 which listed the work done simply as "ALI v. Katool" with no hours listed but showing the amount billed as $364.00 and an entry dated 7/1/2025 with no explanation of the work performed, .2 hours expended on that undefined work, and showing the amount billed as $65.00. *See* Dkt. No. 13-7. With regard to the 8.9 hours of work Plaintiff's counsel states she has expended on this case in the current year as of February 24, 2026, she does not indicate what the nature of that work was and, therefore, the Court will not award attorney's fees for that work or for the additional four hours of work she anticipates in conjunction with the present motion.

In addition, the Court finds that the 42.00 hours expended on this case is excessive for a case involving a default judgment in a copyright infringement case. Therefore, the Court will decrease these hours to 25 hours, which is much more reasonable. *See Sadowski*, 2023 WL 2838376, at *5 (finding that 8.5 hours "is a reasonable number of hours required by a motion for default judgment in a copyright infringement case" (citing *Broad Music, Inc. v. DeJohn's on Lark, Inc.*, No. 19-cv-637, 2020 WL 1986903, *6 (N.D.N.Y. April 27, 2020) (finding 28.9 hours

working on a motion for default judgment in a copyright infringement case reasonable); *Broad Music, Inc. v. Rider Rock's Holding LLC*, No. 16-cv-1398, 2017 WL 2992498, *3, 2017 U.S. Dist. LEXIS 109383 (N.D.N.Y. July 14, 2017) (finding 15.5 hours working on a motion for default judgment in a copyright infringement case reasonable)).[1]

With regard to the appropriate hourly rate for this work, Plaintiff requests the following hourly rates: $325.00 per hour for Attorney Sulimowicz, who has been a member of the New York Bar for 30 years, for work done prior to 2026 and $400.00 per hour for work done after January 1, 2026; and $125.00 per hour for Ms. Springer, a paralegal. *See* Dkt. No. 13-6 at ¶¶ 8, 9, 11, 12.

In *Malik v Ayryoga, Inc.*, No. 1:25-cv-00076 (AMN/MJK), 2025 WL 2029237 (N.D.N.Y. July 21, 2025), a court in this District noted that "[a] review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $250-$350 for partners; $165-$200 for associates; and $80-$95 for paralegals, legal assistants, and other paraprofessionals.'" *Id.* at *5 (quoting *UFCW Local One Health Care Fund v. Greene Great American*, 6:23-cv-1441 (BKS/MJK), 2025 WL 1506163, at *5 (N.D.N.Y. May 27, 2025)); *see also Gallagher v. United Court Sys. of State of New York*, 3:18-CV-1476 (GTS/ML), 2025 WL 3761760, *10 (N.D.N.Y. Dec. 30, 2025) (same).

The Court finds that Plaintiff's requested hourly rate of $325.00 for Attorney Sulimowicz's work is reasonable given her 30 years of practice. However, the Court finds that Plaintiff's requested hourly rate of $125.00 for Ms. Springer, a paralegal, exceeds even the highest hourly rate in this District for paralegals, legal assistants, and other paraprofessionals.

---

[1] The Court also notes that, had Plaintiff included all of the necessary information when it filed its first Motion for a Default Judgment on April 28, 2025, it would not have incurred any attorney's fees after that date.

Therefore, the Court reduces the hourly rate for Ms. Springer to $95.00. Since the Court finds that Plaintiff may recover attorney's fees for 25 hours that its attorney and paralegal expended on this case, rather than the 42 hours Plaintiff sought, the Court has calculated those attorney's fees as follows:

> Of the 42 hours for which Plaintiff sought attorney's fees, 31.8 hours (or 76% of the 42 hours) were for the work of Attorney Sulimowicz and 10.2 hours (or 24% of the 42 hours) were for the work of Paralegal Springer. Therefore, the Court has used the same percentages to divide the 25 hours for which Plaintiff will receive attorney's fees; *i.e.*, 19.0 hours for the work of Attorney Sulimowicz and 6.0 hours for the work of Paralegal Springer.
>
> This results in the following calculation:

| | | |
|---|---|---|
| Attorney Sulimowicz | 19.0 hours at $325.00 per hour | $6,175 |
| Paralegal Springer | 6.0 hours at $ 90.00 per hour | $ 540 |
| **Total Attorney's Fees** | | $6,715 |

Finally, Plaintiff seeks costs in the amount of $769.00, comprised of "$405 for the filing and service of the Summons and Complaint and $364 for the filing and service of the original motion papers[.]" *See* Dkt. No. 13, Memorandum of Law, at 8 (citing [Sulimowicz Aff.] at ¶ 10, Exhibit A). The Court has reviewed the invoices that Plaintiff submitted to support its motion for attorney's fees and costs and the only entry on those invoices that includes an amount of $364.00 charged is "Invoice no.: 7484" with "Invoice date: 03/07/2025" and "Due date: 03/22/2025" and an item dated "03/03/2025" with a description of the service provided "ALI v KATOOL" and the amount of "$364.00." In addition to the fact that "ALI v KATOOL" gives no indication of the reason for this "$364.00" charge, it seems unlikely that it could be for the filing and service of the original motion papers because the Court's docket indicates that Plaintiff filed its original motion papers on April 28, 2025, *see* Dkt. No. 10, and the Affidavit of Service indicates that these papers were served on April 29, 2025, *see* Dkt. No. 11. Therefore, the Court will not

include the requested amount of $364.00 in its calculation of costs. However, the Court will award Plaintiff $405.00 in costs because Plaintiff's billing records and the Court's docket substantiate these costs. *See Sadowski*, 2023 WL 2838376, at *6 (citing *Sony BMG Music Ent. v. Larkin*, 08-cv-702, 2009 WL 2176641, at *2, 2009 U.S. Dist. LEXIS 62616 (N.D.N.Y. July 22, 2009) (awarding $480 for filing and service fees)).

Accordingly, the Court concludes that Plaintiff is entitled to recover a total of $7,120.00 in attorney's fees and costs.

## IV. CONCLUSION

Accordingly, having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's second motion for entry of a default judgment, *see* Dkt. Nos. 13-14, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor against Defendant as follows:

(1) statutory damages in the amount of $120,000.00

(2) attorney's fees in the amount of $6,715.00

(3) costs in the amount of $405.00

(4) post-judgment interest at the rate set forth in 28 U.S.C. § 1961, which shall run from the date that the Court enters judgment in this case until the date payment is made in full;

and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by regular mail at Defendant's last known address and file a certificate of service upon completion of such service.

**IT IS SO ORDERED.**

Dated: October 8, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge